# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

KEEN SMITH JR.,

        Petitioner,

vs.

PALMER COURTHOUSE/GOOSE CREEK CORR. CNTR.,

        Respondent.

Case No. 3:21-cv-00131-RRB

## ORDER OF DISMISSAL

Keen Smith, Jr., representing himself from Goose Creek Correctional Center, where he is housed as a pretrial detainee, has filed a habeas petition under 28 U.S.C. § 2241, claiming that the state court is violating his rights in his criminal case.[1] The Court takes judicial notice[2] that, on June 16, 2020, Mr. Smith was arraigned on the following charges:

    (1) "Class A Felony AS11.41.500(a)(1): Robbery 1- Armed w/ Deadly Weapon";
    (2) "Class B Felony AS11.61.195(a)(3)(B): Misc/Weapons 2- Fire Gun At Dwelling";

---

[1] Docket 1; *see also* Dockets 2, 4 (Applications to Waive Prepayment of the Filing Fee).

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact...." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records ... from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n. 2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

      (3) "Class B Felony AS11.46.300(a)(2)(A): Burglary 1- Armed With Firearm";
      (4) "Class C Felony AS11.41.220(a)(1)(A): Assault 3-Cause Fear Of Injury w/ Weap[on]";
      (5) "Class C Felony AS11.46.130(a)(2): Theft 2- Firearm/ Explosive."[3]

In this Court, Mr. Smith seeks the following relief:

> I want the courts to review this matter, drop these charges due to my Constitutional Right being violated (Sixth Amendment), and file charges against the people who are wrongfully incarcerating me/charging me because of all the pain, mental stress, emotional stress, and deaths I've experienced since being incarcerated due to these charges.[4]

## SCREENING REQUIREMENT

Federal courts have general habeas jurisdiction under 28 U.S.C. § 2241.[5] A petitioner may properly challenge state pretrial detention under § 2241.[6] But a court must "promptly examine" a habeas petition, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss

---

[3] https://records.courts.alaska.gov/eaccess/searchresults, *State of Alaska v. Keen Smith*, 3PA-20-01154CR.

[4] *Id.* at 8.

[5] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[6] *See Stow v. Murashige,* 389 F.3d 880, 885–88 (9th Cir. 2004).

Case 3:21-cv-00131-RRB, *Smith v. Palmer Courthouse, et al.*
Order of Dismissal
Page 2 of 9

the motion..."[7] In conducting its review of a self-represented litigant's pleadings, a court must liberally construe the pleadings and give the petitioner the benefit of the doubt.[8]

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[9] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[10] 28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction[11] over a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[12] This habeas statute is the proper avenue for a state prisoner who wishes to challenge his state custody without a state judgment.[13]

---

[7] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[8] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[9] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[10] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015); *quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008).

[11] *See Magana-Pizano*, 200 F.3d at 608 & n.4.

[12] 28 U.S.C. § 2241(c)(3).

[13] *Stow*, 389 F.3d at 885–88 (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004) ("[T]he general grant of habeas authority in § 2241 is available for challenges by a

Mr. Smith requests that the state charges against him be dropped.[14]

But a speedy trial claim may be reviewed under § 2241 if a pretrial detainee is seeking to compel the state to bring him to trial, rather than seeking dismissal of the charges.[15] Thus, although a federal court can order a state court to bring a petitioner to trial, federal courts do not order that state charges be dropped.[16] The Court will not, therefore, grant Mr. Smith's request that his state criminal charges be dropped.[17]

Even had Mr. Smith requested appropriate relief, however, the *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial

---

state prisoner who is not in custody pursuant to a state court judgment-for example, a defendant in pre-trial detention or awaiting extradition.")).

[14] Docket 1 at 8.

[15] *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973) ("Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial.") (citation omitted).

[16] *Id*.

[17] In addition, Mr. Smith asks that this Court "file charges against the people who are wrongfully incarcerating [and] charging [him]," Docket 1 at 8, but it is well settled that "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Gonzalez v. Razo*, No. 1:15-cv-01098-DAD-EPG, 2021 WL 1732259, slip op. at *2 (E.D. Cal. May 3, 2021) ("the court lack[s] jurisdiction to order the United States Attorney to file criminal charges against defendants.").

proceedings.[18] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[19] The Supreme Court has "limited the category of 'extraordinary circumstances' to encompass only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'"[20]

> A federal court must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.[21]

---

[18] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

[19] *Younger*, 401 U.S. at 54.

[20] *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma,* 401 U.S. 82, 85 (1971)); *see also Brown v. Ahern,* 676 F.3d 899, 901 (9th Cir. 2012) ("[W]e specifically rejected in *Carden* the argument that a claimed violation of the Speedy Trial Clause … sufficed in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration.") (citing *Carden* at 84).

[21] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *see also Page v. King,* 932 F.3d 898, 903 (9th Cir. 2019) ("*Younger* does not "require[ ] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court" where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.") (citing *Arevalo v. Hennessy,* 882 F.3d 763, 764, 766–67 (9th Cir. 2018)).

The State of Alaska has an important interest in enforcing its criminal laws, and Mr. Smith's criminal case in the state court remains ongoing. Mr. Smith's claims should continue to be addressed in his state court criminal proceedings.[22] For example, in *Thomas v. State of Alaska*, a criminal defendant appealed the bail set in his ongoing criminal case.[23] There, the defendant, through counsel, argued before the Court of Appeals for the State of Alaska

> that the Department of Corrections (DOC) was not providing "safe and adequate care of persons in their custody" and was exposing inmates to "unnecessary and dangerous health risks" in light of the COVID-19 pandemic. Thomas argued that the suspension of court rules governing the right to a speedy trial and other court proceedings, together with the pretrial detention of criminal defendants under conditions that he alleged did not meet Center for Disease Control (CDC) guidelines, constituted a due process violation that entitled him to relief. In particular, Thomas asked the court to order DOC to comply with CDC guidelines for mitigating the spread of COVID-19, or in the alternative, to grant his immediate release.[24]

Similarly, in *In re Humphrey,* the California Supreme Court addressed an appeal on a state petition for writ of habeas corpus from a pretrial detainee:

---

[22] *See Brown,* 676 F.3d at 900–01 (A "federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and conviction can have the same effect as a direct injunction of ongoing state proceedings.") (citing *Carden*, 626 F.2d at 83).

[23] *Thomas, v. State of Alaska*, Nos. A-13791, 13792, 2021 WL 1535772 (Alaska App. April 9, 2021).

[24] *Id.*, 2021 WL 1535772, at *1.

> The common practice of conditioning freedom solely on whether an arrestee can afford bail is unconstitutional. Other conditions of release — such as electronic monitoring, regular check-ins with a pretrial case manager, community housing or shelter, and drug and alcohol treatment — can in many cases protect public and victim safety as well as assure the arrestee's appearance at trial. What we hold is that where a financial condition is nonetheless necessary, the court must consider the arrestee's ability to pay the stated amount of bail — and may not effectively detain the arrestee "solely because" the arrestee "lacked the resources" to post bail.[25]

This Court should not interfere with the state trial court's fact-finding responsibilities and legal decisions in Mr. Smith's cases, unless "full vindication of the petitioner's pretrial rights requires intervention before trial."[26] Mr. Smith may bring his arguments before the state courts, as is his defense attorney, who applied for a bail review hearing, and has filed a motion to dismiss the indictment in the state criminal case.[27] Thus, this is not a case requiring federal intervention.

Therefore, **IT IS HEREBY ORDERED:**

1. This case is DISMISSED without prejudice.

---

[25] *In re Humphrey*, 482 P.3d 1008, 1012–13 (Cal. 2021) (quoting *Bearden v. Georgia*, 461 U.S. 660, 667, 668 (1983)).

[26] *Page,* 932 F.3d at 903.

[27] *See* https://records.courts.alaska.gov/eaccess/searchresults, 3PA-20-01154CR.

2. The Applications to Proceed Without Prepayment of the Filing Fee, at Dockets 2 and 4, are DENIED as moot.

3. The Court, having concluded that Petitioner has not made a substantial showing of the denial of a constitutional right, DENIES a certificate of appealability.[28] Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.[29]

---

[28] *See* 28 U.S.C. 2253(c)(1). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
    (a) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court …
    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
    *See Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (citation omitted); *see also Wilson v. Belleque*, 554 F.3d 816, 824 (9th Cir. 2009) ("We conclude that the mere fact that a habeas petition is filed pursuant to § 2241(c)(3) does not exempt that petition from § 2253(c)(1)(A)'s COA requirement
    For the reasons set forth in this Order, Mr. Smith has not made a substantial showing of the denial of a constitutional right, or that jurists of reason could disagree with the district court's resolution, or that he deserves encouragement to proceed further. *Banks*, 540 U.S. at 705. Mr. Smith has not been incarcerated for a substantial time under federal law, *see McNeely v. Blanas*, 336 F.3d 822, 826 (9th Cir. 2003) (finding a delay of three years to be substantial, such that prejudice was presumed), especially considering the pandemic that delayed criminal proceedings nation-wide. Mr. Smith may continue to make his arguments in his 2020 state criminal proceedings, as is his attorney in his case.

[29] *See* Fed. R. App. P. 22(b); 9th Cir. R. 22-1.

4. The Clerk of Court is directed to enter Judgment accordingly.

Dated at Anchorage, Alaska this 1st day of July, 2021.

>*/s/ Ralph R. Beistline*
>RALPH R. BEISTLINE
>Senior United States District Judge